UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAULETTE RUTLEDGE,

Plaintiff,

Case No. 3:24-cv-218

vs.

BOARD OF MONTGOMERY COUNTY COMMISSIONERS,

District Judge Michael J. Newman

Defendant.

---

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 18); AND (2) REFERRING THIS CASE TO MAGISTRATE JUDGE CAROLINE H. GENTRY FOR ADDITIONAL MEDIATION**

---

Plaintiff Paulette Rutledge is an African American female employed by Defendant Board of Montgomery County Commissioners as a program specialist in its Child Support Enforcement Agency ("CSEA"). Doc. No. 1 at PageID 2; Doc. No. 23 at PageID 258. She brings this case, through counsel, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2, *et seq*.; and 42 U.S.C. § 1981.[1] Doc. No. 1 at PageID 1–3. She alleges Defendant discriminated against her based on her race by declining to interview her for a CSEA social program analyst position (and thus refusing to enter into another contractual employment relationship in violation of § 1981). *Id*.; Doc. No. 23 at PageID 260–61. The case is before the Court on Defendant's motion for summary judgment (Doc. No. 18), Plaintiff's memorandum in opposition (Doc. No. 23), and Defendant's reply (Doc. No. 25). For the reasons stated herein, and in light of Defendant's failure to meet its initial burden under the standard set forth by Fed. R. Civ.

[1] Race discrimination in employment claims under Title VII and § 1981 are reviewed under the same standard. *Rogers v. Henry Ford Health Sys*., 897 F.3d 763, 771 (6th Cir. 2018); *Jackson v. Quanex Corp*., 191 F.3d 647, 658 (6th Cir. 1999).

P. 56, the Court denies the motion for summary judgment.

**I.**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that no genuine issue of material fact is present, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At the summary-judgment stage, the burden is first on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations or admissions, interrogatory answers, or other materials," or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B) (citation modified). Once the moving party accomplishes this, "the non-moving party may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citation modified). "There is no duty imposed upon the trial court to search the entire record to establish that it is bereft of a genuine issue of material fact." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citation modified). Instead, "the free-ranging search for supporting facts is a task for which attorneys . . .

are equipped and for which courts generally are not." *Id*. at 406.

**II.**

Summary judgment is unwarranted in this case. To prevail on a motion for summary judgment, as noted above, the moving party—here, the employer—has the burden to demonstrate that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322; *Anderson*, 477 U.S. at 247–48. That did not happen here for at least two reasons.

First, Defendant has failed to provide adequate Rule 56 materials which the Court could have reviewed to consider whether or not Defendant is entitled to judgment as a matter of law. Although Defendant discusses what the evidence shows, no such evidence, other than Plaintiff's deposition transcript, was provided to the Court for review. [2]

Second, even if adequate Rule 56 material had been provided—which was not done here—Defendant has not shown it is entitled to judgment as a matter of law. In its motion for summary judgment, Defendant frames this case as a "failure to promote" and contends the dispute should be analyzed under the *McDonnell Douglas* burden-shifting framework (Doc. No. 18 at PageID 151–54). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). While the *McDonnell Douglas* framework is likely the proper way to evaluate the evidence in this discrimination case, *see e.g.*, *Ames v. Ohio Dept. of Youth Servs.*, 605 U.S. 303, 308 n.2 (2025), the Court questions whether the classic "failure to promote" *prima facie* case elements[3] are

[2] Although Defendant cites to certain Exhibits attached to Plaintiff's deposition transcript, those Exhibits are not attached to the copy of Plaintiff's deposition transcript filed in support of Defendant's motion for summary judgment. *See* Doc. No. 18 at PageID 157–247.

[3] "In order to establish a *prima facie* case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for an was qualified for a promotion[;] (3) he was considered for an denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied." *Nguyen v. City of Cleveland*, 229 F.3d 559, 562–63 (6th Cir. 2000) (citing *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir.1996) and *Brown v. Tennessee*, 693 F.2d 600, 603 (6th Cir.1982)).

applicable here. *See Tartt v. Wilson Cty., Tenn.*, 592 Fed. App'x 441, 445 (6th Cir. 2014) (citing *McDonnell Douglas*, 411 U.S. at 802 n. 13) ("The elements of a prima facie case will depend on the particular facts underlying a plaintiff's claim . . ."); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002)) ("[T]he precise requirements of a prima facie case can vary depending on the context . . ."). Defendant failed to discuss, in detail, these threshold, framework-related issues for the Court's consideration in its summary judgment briefing. The Court also notes, in passing, that Plaintiff's oppositional brief was similarly lacking. Plaintiff did not address prongs two and three of the *McDonnell Douglas* framework (*i.e.*, burden-shifting and pretext) and failed to articulate any alternative legal framework that should govern this dispute. Given these concerns, the motion for summary judgment must be denied.

**III.**

Accordingly, Defendant's motion for summary judgment is **DENIED**. Given that the parties previously mediated with Magistrate Judge Gentry, this case is hereby **REFERRED** to Judge Gentry solely for the purposes of conducting additional mediation. Both sides are **ORDERED** to participate in good faith in the mediation conference(s). The date(s) for the mediation conference(s) shall be arranged directly with Judge Gentry. If the case does not settle, and Defendant chooses to again move for summary judgment, Defendant shall file a motion for leave to amend the current scheduling Order and justify to the Court why a second review of the matter is appropriate. If a second summary judgment motion is filed, both sides are **ORDERED** to attach to the motion/response in opposition all Rule 56 evidence the Court is being asked to consider and explain, in detail, how the *McDonnell Douglas* framework is or is not satisfied here.

**IT IS SO ORDERED**.

August 21, 2026

s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge